**In the Matter of
Danielle Nicole Dych**
*[Cite as 3 AOA 130]*

*Case No. 89-CA-46
Guernsey County, (5th)
Decided May 31, 1990*

*Richard A. Baker, Deselm, Deselm & Baker, 819 Steubenville Avenue, Cambridge, Oh 43725, for Appellant.*

*C. Keith Plummer, Tribbie, Scott & Plummer, 139 Courthouse Square, Cambridge, OH 43725, for Appellee.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, that held that that court does not have jurisdiction over the child support issues in the case pending before it, although it does have jurisdiction over custody and visitation issues.

Petitioner-appellant Suzanne Kaye Gildea-Dych (mother) and respondent-appellee Christopher Dych (father) are the parents of Danielle Nicole Dych. In 1988, their marriage was dissolved in the Superior Court of Marion County, Indiana. Mother and Danielle now reside in Ohio, but father continues to reside in Indiana. The Marion County Superior Court's dissolution decree ordered father to pay $50.00 per week in child support. The record indicates that by the time of hearing, father had paid only about two-thirds of the payments due. Mother brought this action to modify visitation, and to secure an order withholding the support payments from father's paycheck in Indiana. She sought no modification of the amount of support. The Marian County Superior Court was notified of the pendency of the Ohio action and entered an order entitled "order granting a change of jurisdiction" that it found the Indiana Court to be an inconvenient forum, and dismissed the cause there because of the one pending in Ohio.

Mother assigns a single error to the trial court:

## *"ASSIGNMENT OF ERROR*
"THE JUVENILE COURT ERRED IN FINDING THAT IT HAS NO JURISDICTION TO MODIFY THE CHILD SUPPORT ORDER OR TO ENFORCE THE SUPPORT ORDER BY A WAGE WITHHOLDING ORDER."

Mother suggest three separate bases for a holding that the juvenile court has jurisdiction over child support issues here, namely, (1) transferred case pursuant to R.C. §2151.23(E); (2) original jurisdiction pursuant to R.C. §2151.23 (B)(4); and (3) reciprocal enforcement of support pursuant to R.C. §2151.23(B)(3) and Chapter 3115. We will address each in turn.

(1) Transferred Case. Revised Code §2151.23 states in pertinent part:

"(E) The juvenile court has jurisdiction to hear and determine the case of any child certified to the court by any court of competent jurisdiction if such child comes within the jurisdiction of the court as defined by this section.

"(F) (1) The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04, 3109.21 to 3109.36, and 5103.20 to 5103.28 of the Revised Code.

"(2) The juvenile court shall exercise its jurisdiction in child support matters in accordance with section 3109.05 of the Revised Code."

Mother apparently urges that the case has been "certified" to the juvenile court when the Marion County Superior Court granted "change of jurisdiction." She cites us to no case law in support of the argument that the Marion County Superior Court was a court of competent jurisdiction to certify the case to the juvenile court. We are unconvinced that the statute here is applicable.

Revised Code §2151.23(C) and (D) grant jurisdiction to the juvenile court in cases certified by the Court of Common Pleas. There is no section that permits other courts, particular those from another jurisdiction, to "certify a case." Further, there is nothing in the Marion County Superior Court's order that indicates that the certification was attempted.

Secondly, it is plain that the Marion County Superior Court cannot by judgment entry vest the juvenile court with jurisdiction it would otherwise lack. There must be some other basis for jurisdiction:

"(2) Original Jurisdiction. Revised Code §2151.23(B) states a pertinent part:

"(B) The juvenile court has original jurisdiction under the Revised Code:
". . .
"(4) To hear and determine an application for an order for the support of any child, if the child is not a ward of another court of this state."

Mother urges that the statute gives the juvenile court authority to exercise jurisdiction over support issues. Mother cites no authority, either case law or statutory, for the proposition that either R.C. §2151.23, R.C. §3109, or R.C. §3115 gives an Ohio court the authority to order wages earned outside of Ohio, by a non-resident, to be withheld and paid to an Ohio Bureau of Support. Mother did not attempt to utilize the provisions of R.C. §3115 to enforce the Indiana support order. If she had, under the statutory scheme Ohio would be the "initiating State," R.C. §3115.09; Indiana would be the "responding State" that would obtain jurisdiction over the obligor or his property, R.C. §3115.12.

Mother brought this action under R.C. §3109.21, Ohio's version of Uniform Child Custody Jurisdiction Act. That statute explicitly excludes child support issues from consideration.

Finally, mother urges that the doctrine of *forum non* conveniens permits the juvenile court to exercise jurisdiction upon the finding of the Indiana Court that it would defer to Ohio. She urges that our increasingly mobile society demands that courts of different States cooperate for the best interest of the child. She cites us to *In re: Wonderly* (1981), 67 Ohio St.2d 178," noting that this was a custody case, and to *Conales v. Conales* (March 17, 1989), Green App. No. 88-CA-52, unreported. As father points outs, Canales involves an original award of child support.

Under Ohio's version of the UCCJA, R.C. §3109.25, even if the trial court finds that it is an inconvenient forum regarding custody issues, the Ohio court may retain jurisdiction over other issues, notably economic ones, R.C. §3109.25(F).

The equitable doctrine of *forum non conveniens* permits a court of proper jurisdiction to decline to exercise that jurisdiction when there is another appropriate forum available, *Chambers v. Merrell-Dow Pharmaceutical Co., Inc.* (1988), 35 Ohio St.3d 123 at 125, 126. Equity cannot vest an otherwise incompetent court with jurisdiction.

The assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio is affirmed.

*Judgment affirmed.*

HOFFMAN, P.J., and GWIN, J., concur.